**SO ORDERED,**

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | **MEDPLUS URGENT CLINIC, LLC** | **CASE NO. 24-11163-SDM** |
| | **MEDEX, LLC** | **CASE NO. 24-11781-SDM** |
| | **DEBTORS** | **CHAPTER 11** |

# MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO ALTER OR AMEND OR FOR RELIEF FROM JUDGMENT

The matters before the Court are the *Motion to Alter or Amend or for Relief from Judgment* filed in Case No. 24-11163-SDM [Dkt. #366] and the *Motion to Alter or Amend or for Relief from Judgment* filed in Case No. 24-11781-SDM [Dkt. #195] (collectively, the "Motions"). The MedEx Motion was filed by MedEx, LLC ("MedEx") and John Logan, and the MedPlus Motion was filed by MedPlus Urgent Clinic, LLC ("MedPlus") and John and Samantha Logan (collectively, the "Movants").

Karol B. Turner and M & K Equipment Rentals, LLC (collectively, the "Respondents") filed Responses in opposition [Case No. 24-11163-SDM, Dkt. #373; Case No. 24-11781-SDM, Dkt. #202]. The Movants then filed Replies [Case No. 24-11163-SDM, Dkt. #374; Case No. 24-11781-SDM, Dkt. #203]. The Court held a hearing on September 1, 2026, at which counsel for the

parties presented arguments, and counsel for John Logan offered a corrected version of the Motions consistent with the Replies. The corrected Motions were admitted as Exhibit 1.

In the Motions, the Movants seek reconsideration of this Court's *Memorandum Opinion and Order Denying in Part and Granting in Part Debtors' Motion for Relief from Automatic Stay* [Case No. 24-11163-SDM, Dkt. #360; Case No. 24-11781-SDM, Dkt. #188] (the "Stay Relief Opinion"). In the Stay Relief Opinion, the Court denied the Debtors' request to annul the automatic stay retroactively, concluded that the Lee County Dismissal Order remained ineffective as to MedPlus and MedEx to the extent entered through continuation of proceedings as to those Debtors during the pendency of the automatic stay, and lifted the automatic stay prospectively to allow the parties to proceed with the Lee County Action and any related appellate proceedings.

The Movants now ask the Court to alter or amend the Stay Relief Opinion or grant relief from it. They principally contend that the Court should reconsider its reading of *Pope v. Manville Forest Products Corp.*, 778 F.2d 238 (5th Cir. 1985), its application of *Freeman v. Commissioner*, 799 F.2d 1091 (5th Cir. 1986), and its treatment of the Lee County Chancery Clerk's stale-case notice. They also request broader guidance concerning several related state court proceedings.

After considering the Motions, the Responses, the Replies, the record, the arguments and evidence presented at the hearing, and applicable law, the Court finds that the Motions should be denied.

## I. JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference signed by Chief District Judge L.T. Senter and dated August 6, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and, to the extent this matter concerns the administration of the estate, pursuant to 28 U.S.C. § 157(b)(2)(A).

## II. FACTS AND PROCEDURAL POSTURE

The Court assumes familiarity with the facts set forth in the Stay Relief Opinion and incorporates those findings by reference. Only those facts necessary to resolve the Motions are repeated here. The underlying dispute concerns an action pending in the Chancery Court of Lee County, Mississippi styled *Turner, et al. v. Logan, et al.*, Cause No. CV2020-1413-41-M (the "Lee County Action"). MedPlus and MedEx were defendants in that action, along with several non-debtor defendants.

MedPlus filed its Chapter 11 petition on April 23, 2024. MedPlus filed a suggestion of bankruptcy in the Lee County Action on April 29, 2024. MedEx filed its Chapter 11 petition on June 21, 2024. After MedPlus's bankruptcy filing and suggestion of bankruptcy, the Debtors and the other Lee County defendants pursued dismissal of the Lee County Action under Mississippi Rule of Civil Procedure 41(b). The Lee County Chancery Clerk later filed a stale-case notice or motion concerning dismissal for lack of prosecution. On December 30, 2025, the Lee County Chancery Court entered an Opinion and Order of Dismissal (the "Dismissal Order") granting dismissal.

After the Dismissal Order was entered, the Respondents filed a Rule 60 motion in the Lee County Action and pursued appellate relief, arguing in part that the Dismissal Order was entered in violation of the automatic stay. The Debtors then sought relief from this Court to annul the automatic stay retroactively so that the Dismissal Order would be valid and effective as to the Debtors.

In the Stay Relief Opinion, this Court denied retroactive relief. The Court held that the postpetition dismissal activity implicated and violated the automatic stay as to MedPlus and MedEx under the circumstances presented. The Court further held that because the Court declined

to annul the stay retroactively, the Dismissal Order remained ineffective as to those Debtors unless and until validated through appropriate bankruptcy relief. At the same time, the Court lifted the stay prospectively to permit the parties to proceed with the Lee County Action and related appellate proceedings.

Essentially, the Movants now ask the Court to reconsider its ruling. They assert that the Stay Relief Opinion effectively reinstates a stale state court case against the Debtors, adversely affects the estates, and creates uncertainty in related state court litigation. They invite the Court to reconsider its reading of *Pope,* 778 F.2d 238 (5th Cir. 1985) and *Freeman,* 799 F.2d 1091 (5th Cir. 1986) and to conclude that the Dismissal Order should be effective as to all parties, including the Debtors, at least because the Lee County Chancery Clerk's stale-case notice independently supported dismissal.

The Respondents oppose reconsideration. They argue that the Motions identify no newly discovered evidence, intervening change in controlling law, or manifest error of law or fact. According to the Respondents, the Movants merely reassert interpretations of *Pope*, *Freeman*, *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126 (D.C. Cir. 1989), *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991), and the docket-management authorities that were previously presented to and considered by the Court. The Respondents further contend that the Clerk's stale-case notice does not provide an independent basis for reconsideration because it was based upon a period of inactivity occurring entirely after the Debtors' bankruptcy filings and while the automatic stay remained in effect. Finally, the Respondents contend that any dispute concerning the application of the automatic stay in other state court proceedings must be presented through a proceeding-specific request for relief rather than through reconsideration of the Stay Relief Opinion.

In their Replies, the Movants acknowledge and correct two errors identified by the Respondents. The Movants withdraw their contention that *Pope* involved litigation brought by a debtor and acknowledge that Manville was the debtor in that case. They also correct a parenthetical concerning *Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457 (9th Cir. 1992). The Movants nevertheless maintain that *Pope* preserves sufficient authority for a court to manage its docket and that the Clerk's stale-case notice, or the portion of the Dismissal Order granting relief upon that notice, did not violate the automatic stay. The Replies request that the Court accept those corrections as amendments to the Motions nunc pro tunc. Because the corrections withdraw or correct arguments rather than assert a new ground for relief, the Court treats the Replies as clarifying and narrowing the timely Motions. No separate nunc pro tunc or retroactive amendment is necessary.

At the September 1 hearing, the Movants largely reiterated their arguments concerning the Court's interpretations of *Pope* and related authorities. They also maintained that the Dismissal Order advanced the policies underlying the automatic stay, that state courts possess concurrent jurisdiction to determine the stay's applicability, and that, under the *Rooker-Feldman* doctrine, the Stay Relief Opinion improperly reviewed the Dismissal Order.

The Movants further asserted that the Stay Relief Opinion created broader uncertainty concerning the effect of the automatic stay on other state court proceedings because they had not previously recognized that the stay might be implicated in those proceedings. They contend that this uncertainty constituted an extraordinary circumstance warranting relief under Rule 60(b)(6). The Respondents countered that the Movants had not identified any intervening change in controlling law, newly discovered evidence, manifest error, or other extraordinary circumstances warranting reconsideration. They further argued that the Motions merely repackaged arguments

the Court had already considered and rejected and that the Court could not decide the stay's application to state court proceedings not properly before it. The Court declined to expand the hearing to determine the stay's application to those proceedings. As explained below, the arguments presented in the Motions and at the hearing do not establish grounds for relief under Rule 59 or Rule 60.

## III. APPLICABLE STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Instead, motions of this nature are generally construed either as motions to alter or amend under Rule 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023, or as motions for relief from judgment under Rule 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024. *In re McHenry*, No. 20-00268-NPO, 2021 WL 1941625, at *3 (Bankr. S.D. Miss. Jan. 11, 2021). Under Rule 59(e), a final judgment may be amended only in limited circumstances: (1) to correct a manifest error of law or fact; (2) to consider newly discovered evidence; or (3) to address an intervening change in controlling law. *Id*. (citing, *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). In a bankruptcy case a Rule 59(e) motion must be filed no later than fourteen days after entry of judgment. Fed. R. Bankr. P. 9023.

The Stay Relief Opinion was entered on May 14, 2026. The Motions were filed on May 28, 2026. Excluding the day of entry under Rule 9006(a), the Motions were filed within the fourteen-day period prescribed by Rule 9023. Fed. R. Bankr. P. 9006(a). Accordingly, the Motions are timely under Rule 9023. Timeliness, however, does not establish entitlement to relief. Relief under Rule 59(e) is an extraordinary remedy that should be granted only sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It is not a vehicle to relitigate matters already

decided, rehash arguments previously considered, advance theories that could have been raised before judgment, or secure a rehearing on the merits. *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Rule 60(b) provides a separate but equally limited basis for relief. Under Rule 60(b), the Court may relieve a party from a final judgment or order for specified reasons, including mistake[1], inadvertence, surprise, or excusable neglect under Rule 60(b)(1), or any other reason justifying relief under Rule 60(b)(6). Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(6) is appropriate only in extraordinary circumstances. *Buck v. Davis*, 580 U.S. 100, 123 (2017). The Fifth Circuit has identified factors that shape a court's consideration of Rule 60(b) relief: (1) final judgments should not lightly be disturbed; (2) Rule 60(b) is not a substitute for appeal; (3) the rule should be liberally construed to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the judgment was a default or dismissal without consideration of the merits, the interest in deciding cases on the merits outweighs finality and there is merit in the movant's claim or defense; (6) whether intervening equities make relief inequitable; and (7) any other factors relevant to the justice of the judgment under attack. *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

Rule 60(b) does not permit a party to use reconsideration as a substitute for appeal. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007). Nor does it permit a party to obtain a second opportunity to persuade the Court on arguments already made and rejected. See *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007) (noting as a general proposition that Rule 60(b) is not an opportunity for the movant to "relitigate its case."). Applying those

---

[1] The Supreme Court has clarified that "mistake" under Rule 60(b)(1) includes a judge's error of law. *Kemp v. United States*, 596 U.S. 528, 533–39 (2022).

standards, and as discussed below, the Court concludes that the Movants have not established a basis for relief under either Rule 59(e) or Rule 60(b).

## IV. DISCUSSION

### A. The Movants Identify No Newly Discovered Evidence or Intervening Change in Controlling Law

The Movants fail at the outset to satisfy two of the three recognized grounds for Rule 59(e) relief: newly discovered evidence and an intervening change in controlling law after entry of the Stay Relief Opinion. Instead, they ask the Court to revisit the same statutory and case-law issues previously briefed, argued, and decided. Specifically, the Movants reargue the meaning of *Pope*, 778 F.2d 238 (5th Cir. 1985), *Freeman*, 799 F.2d 1091 (5th Cir. 1986), *Carley*, 889 F.2d 1126 (D.C. Cir. 1989), *Maritime.*, 959 F.2d 1194 (3d Cir. 1991), *Arnold v. Garlock Inc.*, 288 F.3d 234 (5th Cir. 2002), *Dennis v. A.H. Robins Co.*, 860 F.2d 871 (8th Cir. 1988), and *O'Donnell v. Vencor Inc.*, 466 F.3d 1104 (9th Cir. 2006). Those authorities were either presented to the Court prior to the Stay Relief Opinion, or considered in the Stay Relief Opinion, where the Court addressed them at length. The Movants renewed effort to obtain a different interpretation of those authorities identifies no new evidence or change in controlling law. Further, the Movants' disagreement with how the Court weighed and applied those authorities does not establish manifest error requiring relief under Rule 59(e).

The same is true of the authorities emphasized at the hearing. *Chapman v. Bituminous Insurance Co. (In re Coho Resources, Inc.)*, 345 F.3d 338 (5th Cir. 2003), *Picco v. Global Marine Drilling Co.*, 900 F.2d 846 (5th Cir. 1990), *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000), and the other federal and state decisions cited by the Movants all predate the Stay Relief Opinion. A decision does not become newly discovered merely because a party locates it, emphasizes a different passage, or develops a new appreciation of its possible relevance after judgment. Rule

59(e) may not be used to advance a case under a new legal theory that could have been presented before the judgment. *Simon*, 891 F.2d at 1159.

The Movants also offered a composite exhibit at the hearing consisting of filings and orders from related state court proceedings, but the Court did not admit the exhibit into evidence. To the extent Movants contend that those filings and orders constitute newly discovered evidence warranting relief under Rule 59(e), the Court disagrees. The Movants did not identify any specific evidence relevant to the Dismissal Order that, through the exercise of reasonable diligence, could not have been presented before entry of the Stay Relief Opinion. To the extent the proffer concerns developments or complications in other state court proceedings involving the Debtors and these parties after the Stay Relief Opinion, those matters are not properly before this Court and do not demonstrate any error in the Court's resolution of the controversy concerning the Dismissal Order. The Movants' assertion that the significance of those proceedings became apparent only after the Court ruled describes a reaction to the judgment, not newly discovered evidence within the meaning of Rule 59(e).

Accordingly, the Movants have not identified newly discovered evidence or an intervening change in controlling law. Their renewed reliance on previously available authorities and materials does not satisfy either ground for relief under Rule 59(e).

**B. The Movants Identify No Manifest Error of Law or Fact**

The Movants have not demonstrated that the Stay Relief Opinion rests on a manifest error of law or fact. The Court considered the potential benefit that dismissal of the Lee County Action might provide the estates, the material facts, and the controlling authorities identified in the Motions. The Stay Relief Opinion repeatedly emphasized the narrow and unusual procedural posture presented and limited its holding to the particular circumstances before the Court. The

Movants now ask the Court to assign different legal significance to those same facts and authorities. Rule 59(e) does not provide a vehicle for relitigating issues already presented and decided merely because a party disagrees with the Court's analysis

Several of the Movant's arguments also appear to challenge broader propositions that the Court did not adopt in the Stay Relief Opinion. The Court did not hold that every defensive act by a debtor violates § 362(a)(1), that every postpetition dismissal is prohibited, or that a debtor may never seek dismissal of claims asserted against it. To the contrary, the Court acknowledged that some docket-management activity may proceed notwithstanding the stay and that not every defensive litigation act by a debtor implicates § 362(a)(1). Reconsideration cannot be premised on disagreement with propositions the Court did not decide. To the extent the Movants disagree with the Court's application of *Pope*, 778 F.2d 238 (5th Cir. 1985), *Freeman*, 799 F.2d 1091 (5th Cir. 1986), and related authorities to the unusual facts presented, that disagreement is a matter for appellate review, not a basis for relief under Rule 59(e).

As discussed below, none of the Movants' remaining arguments establishes a manifest error of law or fact warranting relief under Rule 59(e).

**i. *Pope's* docket-management language does not establish manifest error.**

In their Replies, the Movants withdraw their contention that *Pope* involved litigation originally brought by a debtor. They acknowledge that Pope was the plaintiff in the underlying Title VII action and that Manville's Chapter 11 filing triggered the automatic stay. The Court accepts that correction and does not treat the error as intentional. The remaining argument is narrower: the Movants contend that *Pope* preserved a court's authority to maintain a current docket and that the Clerk's stale-case notice, or the portion of the Dismissal Order based upon that notice, fell within that authority.

That argument does not establish manifest error. The Stay Relief Opinion expressly recognized that *Pope* was fact-specific and did not announce a categorical prohibition against all procedural or docket-management activity in litigation involving a debtor. The Court cited *Pope* for the more modest proposition that dispositive action in litigation against a debtor may present significant stay concerns where relief from the automatic stay has not been obtained and the applicability of § 362(a)(1) remains unresolved.

The Stay Relief Opinion also considered *Dennis*, 860 F.2d 871 (8th Cir. 1988), *O'Donnell*, 466 F.3d 1104 (9th Cir. 2006), and *Arnold*, 288 F.3d 234 (5th Cir. 2002), each of which recognizes that certain administrative, ministerial, or voluntary-dismissal activity may be consistent with the automatic stay. The Court distinguished those authorities because the Dismissal Order before it did not merely reflect independent or ministerial docket maintenance. It adjudicated contested Rule 41(b) dismissal relief pursued by the Debtors and their co-defendants and resolved the continued viability of claims asserted against the Debtors.

The Movants identify no controlling authority or factual misunderstanding that the Court overlooked in reaching that decision. They instead ask the Court to assign different legal significance to circumstances already considered. That continuing disagreement does not constitute manifest error and does not warrant relief under Rule 59(e).

**ii. The Clerk's stale-case notice does not establish manifest error.**

The Movants apply the same docket-management argument to the Clerk's stale-case notice. They contend that, even if the Debtors' motion to dismiss implicated the automatic stay, the Clerk's Notice did not. On that basis, they ask the Court to reconsider the Stay Relief Opinion and treat the Dismissal Order as independently valid as to the Debtors because the Clerk's stale-case notice supported the same result. This argument does not establish manifest error.

The Stay Relief Opinion expressly considered the Clerk's notice and acknowledged that the Dismissal Order granted relief based both on the defendants' Rule 41(b) motion and the Clerk's stale-case notice. The Court nevertheless concluded that the Dismissal Order did not merely clear an inactive matter from the docket through administrative action. Rather, it was a reasoned adjudication of a contested dismissal request affecting claims pending against the Debtors.

The Movants ask the Court to separate the Clerk's stale-case notice from the Debtors' dismissal motion and to uphold the Dismissal Order on the Clerk's notice alone. The Dismissal Order, however, did not separately adjudicate the notice in a manner that permits such treatment. The Court was not asked to determine whether the Clerk could have obtained dismissal through a hypothetical proceeding divorced from the contested dismissal motion before the state court. This Court was not asked to review the state court's ruling as an appellate tribunal. The question presented was whether the Dismissal Order that was entered while the automatic stay remained in effect as to the Debtors should be retroactively validated. The Court evaluated the Dismissal Order entered, not a hypothetical dismissal order that might have been entered solely on the Clerk's notice, absent the Debtors' and co-defendants' contested Rule 41(b) motion.

The timing of the Clerk's notice presents an additional problem with the Movants' argument. The Clerk's July 8, 2025, notice relied upon the absence of record activity during the preceding twelve months—a period occurring entirely after both bankruptcy petitions had been filed and while the automatic stay remained applicable to continuation of the Lee County Action against the Debtors. During that period, the Respondents could not freely prosecute their claims against MedPlus and MedEx without first obtaining relief from the stay. Treating the same period of inactivity as an independent basis for dismissing those claims would risk penalizing the Respondents for not continuing litigation that remained subject to § 362(a)(1). The Movants have

not shown that the Court committed manifest error by declining to isolate the Clerk's notice from the entire contested dismissal proceeding and retroactively validate the resulting Dismissal Order.

The Movants also renew their argument that the Respondents did not assert the automatic stay as a basis to challenge dismissal of the Lee County Action until after entry of the Dismissal Order. This contention does not identify a manifest error of law or fact. The Court's analysis did not depend upon whether the stay issue was raised before or after entry of the Dismissal Order. The automatic stay arises by operation of law. The Stay Relief Opinion addressed whether the dismissal activity implicated the stay and whether retroactive annulment was warranted under the circumstances presented, not whether any party timely preserved a state-law objection to dismissal. The Court considered the circumstances surrounding the assertion of the stay, together with the parties' respective litigation conduct, in evaluating whether annulment was appropriate. The Movants largely reassert arguments previously presented and ask the Court to reweigh the equities. Rule 59(e) does not provide a vehicle for such reconsideration.

**iii. *Freeman*, *Carley*, and *Maritime* do not establish manifest error.**

The Movants also argue that the Court read *Freeman*, 799 F.2d 1091 (5th Cir. 1986), as establishing an inflexible posture-at-inception rule that bars any postpetition filings in an action originally commenced against a debtor, even when the filing benefits the bankruptcy estate. They further rely on *Carley*, 889 F.2d 1126 (D.C. Cir. 1989), and *Maritime*, 959 F.2d 1194 (3d Cir. 1991), for the proposition that actions benefiting the estate are not stayed. Once again, the Movants largely revisit arguments addressed in the Stay Relief Opinion. The Court considered those arguments and remains unpersuaded that they support a different outcome.

The Stay Relief Opinion did not treat *Freeman* as ending the inquiry based solely on the posture of the litigation at its inception. *Freeman* informed the Court's determination that the Lee

County Action was a proceeding originally commenced against the Debtors and therefore fell within the general scope of § 362(a)(1). The Court then considered the nature of the particular claims and postpetition activity at issue. Consistent with *Maritime*, the Court recognized that independent claims brought by a debtor may proceed even when claims against the debtor remained stayed.[2]

The Court also did not read *Freeman* as overruling, narrowing, or otherwise conflicting with *Pope*. The Stay Relief Opinion utilized the two decisions for different propositions. *Freeman* informed the Court's determination that the Lee County Action was a proceeding "against the debtor" within the meaning of § 362(a)(1). *Pope* supported the separate proposition that dispositive activity may, under some circumstances, constitute a continuation of a judicial proceeding and therefore present significant stay concerns where the applicability of the automatic stay has not been resolved. Because the decisions address different questions, the Court does not view them as being in tension.

*Carley* and *Maritime* do not compel a different result. *Carley* involved litigation brought by the debtor. 889 F.2d at 1127. *Maritime* permits courts to distinguish claims against a debtor from independent claims brought by the debtor. 959 F.2d at 1204-05. The Court acknowledged that principle in the Stay Relief Opinion. But MedPlus and MedEx were not pursuing independent counterclaims, crossclaims, or affirmative recovery in the Lee County Action. Rather, they sought adjudication and dismissal of claims asserted against them in litigation originally commenced

[2] The Court is likewise unpersuaded by the Motions' emphasis on the brevity and form of *Freeman*. The Court did not rely on *Freeman* because of the form or length of the opinion. Rather, the Court relied on the substantive principle articulated in *Freeman*: that the determination of whether a proceeding falls within the scope of § 362(a)(1) depends upon whether the proceeding was originally commenced against the debtor. 799 F.2d at 1092-93. That principle has been recognized and applied in numerous courts, including authorities cited by the Movants themselves. See *Maritime*, 959 F.2d 1194, 1204 (3d Cir. 1991); *Carley*, 889 F.2d 1126, 1127 (D.C. Cir. 1989).

against them. The Court, therefore, concluded that the Rule 41(b) dismissal pursued by the Debtors implicated the automatic stay under the unusual facts presented.

The Stay Relief Opinion did not hold that a debtor may never take any postpetition litigation action in a case originally filed against it, nor did it hold that any litigation activity benefiting a debtor necessarily violates the stay. The Court's ruling was expressly limited to the unusual procedural posture before it: debtors in litigation originally commenced against them affirmatively pursued contested Rule 41(b) dismissal relief after bankruptcy filings, without first obtaining stay relief or clarification, and later sought retroactive validation after the dismissal order was challenged on stay grounds.

**iv. Rule 6009 does not provide a basis for relief under Rule 59(e).**

The Movants also cite Federal Rule of Bankruptcy Procedure 6009, which permits a trustee or debtor in possession to prosecute or defend any pending action or proceeding by or against the debtor, with or without court approval. Rule 6009 does not require a different result. The Court does not dispute that a debtor in possession generally possesses authority to participate in litigation on behalf of the estate. Rule 6009 addresses that authority, and the Stay Relief Opinion did not hold otherwise. Rather, the issue before the Court was whether the postpetition Dismissal Order in that action should be retroactively validated. Rule 6009 addresses the Debtors' authority to act. It does not resolve whether a particular filing, motion, or adjudicative act constitutes a continuation of a proceeding against the debtor within the meaning of § 362(a)(1). Nor does it alter the claim-by-claim analysis discussed in the Stay Relief Opinion. Accordingly, Rule 6009 does not establish manifest error or otherwise provide a basis for relief under Rule 59(e).

**v. Concurrent jurisdiction does not make the *Rooker-Feldman* doctrine applicable.**

At the hearing, the Movants relied on *Chapman v. Bituminous Insurance Co. (In re Coho Resources, Inc.)*, 345 F.3d 338 (5th Cir. 2003), to argue that state and federal courts possess concurrent jurisdiction to determine the applicability of the automatic stay. Even assuming the Chancery Court possessed concurrent jurisdiction, *Chapman* does not establish error in the Stay Relief Opinion. No party asked the Chancery Court to decide the stay issue, and the Dismissal Order contains no ruling on it. Moreover, the Motions criticize the Respondents for failing to raise the stay before entry of the Dismissal Order, and the Debtors' original Motions for Relief from the Stay noted that neither party considered the stay prior to the Dismissal Order. See Debtors' *Motion(s) for Relief From the Automatic Stay, Effective as of the Petition Date* [Case No. 24-11163-SDM, Dkt. #340; Case No. 24-11781-SDM, Dkt. #160]. The Stay Relief Opinion therefore did not review or reject a state court determination concerning the stay.

The Movants nevertheless contend that, because the Lee County Chancery Court possessed concurrent jurisdiction to decide the stay issue, the *Rooker-Feldman* doctrine precluded this Court from determining the effect of the Dismissal Order under federal bankruptcy law. That argument extends *Rooker-Feldman* beyond its narrow scope. The doctrine bars a federal trial court from exercising jurisdiction over a "case brought by a state court loser who complains of an injury caused by a state court judgment rendered before the federal proceeding commenced and seeks federal review and rejection of that judgment." *T.M. v. University of Maryland Medical Systems Corp.*, 146 S. Ct. 1739, 225 L. Ed. 2d 238 (2026) (quoting *Exon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). These circumstances are not present here. These bankruptcy cases were commenced before entry of the Dismissal Order. The Debtors, who obtained the dismissal in state court, invoked the Court's jurisdiction and affirmatively requested

annulment of the automatic stay so the Dismissal Order would be effective as to them. The Respondents did not commence a separate federal action asking this Court to sit in appellate review of the merits of the Dismissal Order.

More fundamentally, the Court did not decide whether the Lee County Chancery Court correctly applied Mississippi Rule of Civil Procedure 41(b), correctly assessed the history of the Lee County Action, or otherwise committed an error of state law. Rather, the Court exercised original, core bankruptcy jurisdiction to determine the operation of § 362(a), the effect of postpetition conduct under controlling Fifth Circuit law, and whether cause existed under § 362(d) to annul the stay retroactively. The Court did not vacate, modify, or otherwise review the merits of the Dismissal Order. It determined only the Order's effect against the Debtors under federal bankruptcy law in the absence of retroactive annulment. That determination did not convert this Court into an appellate tribunal. The Movants' reliance on *Chapman* and the *Rooker-Feldman* doctrine identifies no manifest error warranting relief under Rule 59(e).

**vi. Abstention did not terminate or modify the automatic stay.**

The Movants rely on this Court's prior abstention rulings and contend that the parties understood those rulings as directing them to proceed in state court and return to this Court after the state-law disputes were resolved. That argument conflates abstention with relief from the automatic stay. Abstention concerns whether a federal court will or can decide particular claims or issues. The automatic stay separately governs whether a proceeding against a debtor may be commenced or continued after the bankruptcy petition is filed. An order abstaining from adjudicating state-law issues does not terminate, modify, or annul the automatic stay.

The prior abstention orders did not grant relief under § 362(d), and the Movants acknowledged at the hearing that those orders did not lift the stay. Recognizing that state courts

are the appropriate forums to adjudicate certain state-law property rights is fully consistent with requiring parties to obtain stay relief before continuing proceedings against a debtor. The Stay Relief Opinion did not withdraw or modify the Court's abstention rulings. It addressed the separate question whether postpetition dismissal activity undertaken while the stay remained in effect should be retroactively validated. The Movants' contrary understanding of the relationship between abstention and § 362 does not establish a manifest error in the Stay Relief Opinion.

**vii. The Movants do not demonstrate error in the Court's equitable analysis.**

The Motions also fail to demonstrate manifest error in the Court's equitable analysis under § 362(d). The Stay Relief Opinion did not deny retroactive relief solely because the Court concluded that the automatic stay was implicated. It separately concluded that retroactive annulment was not warranted under the particular facts and equities presented. That independent equitable determination provides an additional basis for denying reconsideration. Even if the Movants' surviving legal arguments concerning *Pope*, the Clerk's stale-case notice, or Rule 6009 were otherwise persuasive, the Motions would still fail because they do not demonstrate manifest error in the Court's separate determination that retroactive annulment was not equitable under the circumstances presented.

In reaching that determination, the Court acknowledged that the Dismissal Order was a reasoned state-court ruling, that the Lee County Action had experienced substantial delay, and that dismissal of claims against the Debtors could benefit the estates by reducing litigation expense and potential liability. The Court nevertheless found that the competing considerations weighed against annulment. The Debtors pursued contested dismissal relief without first obtaining stay relief or clarification; the parties allowed the state court to adjudicate the dismissal issues before addressing the stay question; retroactive validation after a favorable result would undermine the orderly

administration purposes served by § 362; and annulment would prejudice the Respondents by eliminating a stay-based challenge already raised through Rule 60 proceedings and appeal.

The Court is likewise unpersuaded by the Movants' suggestion that the Stay Relief Opinion improperly rewards dilatoriness because the stay issue was not raised by the Respondents in the Lee County Action before entry of the Dismissal Order. The Debtors' own Motions for Relief from the Stay acknowledged that no party considered the stay's effect on the dismissal proceedings until after the Dismissal Order was entered. The Stay Relief Opinion likewise recognized that neither side squarely presented the issue to the Chancery Court and that the matter did not involve one-sided disregard of the stay. Consistent with Fifth Circuit law treating actions taken in violation of the stay as voidable, the Court considered the timing and conduct of all parties in deciding whether annulment was equitable. The Respondents' delay in raising the issue did not compel retroactive validation of the Dismissal Order.

The Motions simply do not demonstrate that any of the Court's findings were clearly erroneous, nor do they identify any defect in the Court's equitable analysis. Instead, they largely revisit the same legal authorities addressed in the Stay Relief Opinion and urge the Court to weigh the equities differently based on the same facts previously presented. Rule 59(e) does not provide a mechanism for obtaining a different discretionary result merely because a party disagrees with how the Court balanced competing considerations.

Accordingly, even apart from the legal issues discussed above, the Movants have not shown that the Court committed a manifest error in weighing the relevant equities, nor have they identified any exceptional circumstances justifying relief from the Stay Relief Opinion. The Court therefore finds no basis to alter or amend the Stay Relief Opinion under Rule 59(e).

**C. The Court Declines to Issue Advisory Guidance Regarding Other State Court Proceedings**

The Movants devote significant attention to other state court actions involving some combination of MedPlus, MedEx, John Logan, Samantha Logan, Oxford Leasing, RedMed, and other parties. The Movants contend that parties and counsel in those proceedings need guidance regarding which orders and actions are effective or ineffective considering the Stay Relief Opinion.

The Court understands the concern. The litigation among these parties is broad, overlapping, and procedurally complicated. The Court, however, will not issue advisory rulings concerning proceedings that are not properly before it through a concrete dispute. The Stay Relief Opinion addressed the Lee County Action and the specific relief requested in the Motions for Relief from Stay. It granted prospective relief from the automatic stay to allow the parties to proceed with the Lee County Action and related appellate proceedings.[3]

The Stay Relief Opinion did not adjudicate the effect of every postpetition filing or order in every related state court proceeding. It also did not prohibit the parties from pursuing matters otherwise properly before the state courts. In several related disputes, this Court has abstained from deciding state-law issues or has otherwise declined to exercise jurisdiction over matters more appropriately resolved in a nonbankruptcy forum. The Stay Relief Opinion did not alter those rulings.

Questions concerning the application of the automatic stay are fact-specific and proceeding-specific. The analysis may depend on the parties' identities and posture, the nature of the claims, the relief sought, and the timing of the challenged conduct. These are Chapter 11 cases,

[3] Because the Court lifted the automatic stay prospectively as to MedPlus and MedEx, § 362 does not prevent the Debtors from renewing their request to dismiss the Lee County Action or prevent the Chancery Court from considering and ruling on that request. This Court expresses no opinion regarding the merits of dismissal or the procedural availability of that relief under state law.

so the co-debtor stay under § 1301 does not apply. Section 362(a) also does not ordinarily extend to non-debtors merely because they are factually or legally related to a debtor. See *McConathy v. Foundation Energy Fund IV-A, L.P.*, 111 F.4th 574, 581–82 (5th Cir. 2024); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1205–06 (3d Cir. 1991); *Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp.*, 797 F.2d 227, 230 n.4 (5th Cir. 1986). Nothing in the Stay Relief Opinion extended § 362(a) to non-debtor parties or determined the effect of state-court orders as to those parties. That distinction further demonstrates why any additional stay dispute must be evaluated in the context of the particular proceeding and relief at issue.

To the extent the Movants contend that uncertainty in other litigation demonstrates error in the Stay Relief Opinion, the Court disagrees. Complications arising in proceedings that are not properly before this Court do not establish error in the Court's resolution of the controversy concerning the Dismissal Order. A party seeking a determination regarding another state court filing, order, or proceeding must present a concrete dispute identifying the challenged act, the relief requested, and the factual and legal basis for that relief. The Court will address such disputes when properly presented. The possibility that similar stay issues may arise elsewhere does not warrant reconsideration of the Stay Relief Opinion or justify advisory guidance across multiple state court proceedings.

**D. Relief Under Rule 60(b) Is Not Warranted**

The Movants have not established entitlement to relief under Rule 60(b). As briefly mentioned above, the Supreme Court has held that "mistake" under Rule 60(b)(1) includes a judge's error of law. *Kemp v. United States*, 596 U.S. 528, 533–39 (2022). The Court, therefore, does not reject Rule 60(b)(1) relief merely because the Motions challenge the Court's legal

reasoning. Rather, for the reasons discussed above, the Movants have not demonstrated that the Stay Relief Opinion rests upon any legal or factual mistake. Their renewed disagreement with the Court's interpretation of existing authority and its equitable determination under § 362(d) does not establish mistake within the meaning of Rule 60(b)(1).

The Movants have also not demonstrated extraordinary circumstances warranting relief under Rule 60(b)(6). They rely primarily on the practical consequences of the Stay Relief Opinion to, including its potential effect on other state court litigation and the need to evalauate the stay in other proceedings. The Court considered those consequences when it denied retroactive annulment but granted prospective relief. The existence of related litigation, the possibility of proceeding-specific stay disputes, and the effect of the Opinion on the parties' litigation strategies do not constitute extraordinary circumstances justifying relief from the judgment.

Rule 60(b) does not provide a vehicle for a party to relitigate the merits of issues already decided and it is not a substitute for appeal. To the extent the Movants believe the Court misread *Pope*, *Freeman*, *Maritime*, or other authorities, or erred in balancing the equities under § 362(d), those arguments are properly directed to appellate review. They do not provide a basis for relief under Rule 60(b).

## V. CONCLUSION

The Motions, as clarified and narrowed by the Replies and supplemented by the arguments at the hearing, establish no basis for relief under Rule 59(e) or Rule 60(b). The Movants identify no newly discovered evidence, intervening change in controlling law, manifest error of law or fact, mistake, excusable neglect, or extraordinary circumstances. Instead, they seek reconsideration based on their continued disagreement with the Court's interpretation of existing authority and its weighing of the equities under § 362(d). Their additional arguments concerning concurrent

jurisdiction, the *Rooker-Feldman* doctrine, prior abstention rulings, and related state court proceedings do not warrant a different result. Accordingly, it is hereby **ORDERED**:

1. The Motion to Alter or Amend or for Relief from Judgment filed in Case No. 24-11163-SDM [Dkt. #366] is **DENIED**.
2. The Motion to Alter or Amend or for Relief from Judgment filed in Case No. 24-11781-SDM [Dkt. #195] is **DENIED**.
3. All other relief requested in the Motions is **DENIED**.

##END OF ORDER##